IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRIANDUS TABB, # R-41511, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-845-JPG |
| ) | |
| SALVADORE A. GODINEZ, ) | |
| SHERRY BENTON, ) | |
| RICHARD HARRINGTON, ) | |
| TIMOTHY R. VEATH, ) | |
| DAVID T. JOHNSON, ) | |
| LORI OAKLEY, ) | |
| BETHANY B. RICH , ) | |
| and MAYNARD HUDSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 45) of Magistrate Judge Philip Frazier recommending that this Court grant Defendants' Motion to Dismiss (Doc. 25). The Plaintiff filed objections to the R & R (Doc. 47) and a Motion to Clarify and Correct Missing Deadline on Magistrate's Recommendation & Objection Response (Doc. 48). Plaintiff's Motion to Clarify and Correct Missing Deadline states that Plaintiff filed timely objections to the R & R, but that due to the e-file system at the prison being down, his objections were mailed by the prison staff. As such, Plaintiff's Motion to Clarify and Correct (Doc. 48) is granted and Plaintiff's Objections to the R & R are deemed timely filed.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the

magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Plaintiff has filed objections, so this Court will review *de novo* those portions of the R & R to which objections have been filed.

  Plaintiff's Complaint (Doc. 1) alleges that his due process rights were violated when he was found guilty of a fabricated disciplinary charge and punished with one year in segregation. A merits review pursuant to 28 U.S.C. § 1915A divided the action into three counts. Count I against defendants Rich, Veath, Johnson, and Hudson alleging deprivation of a liberty interest without due process; Count II against defendants Rich, Hudson, Veath, and Johnson for alleged denial of Plaintiff equal protection under the law; and Count 3 against defendants Oakley, Harrington, and Benton for alleged denial of due process. Counts I and II were allowed to proceed and Count 3 was dismissed with prejudice.

  The Defendants now seek to dismiss Counts I and II pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that the Plaintiff's Complaint (Doc.1) does not state sufficient factual matter to state a claim for relief.

  When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a

right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is

3

subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

With regard to prison disciplinary actions, the Seventh Circuit has stated that, "Due process requires not only that *Wolff*[1] be satisfied, but also that the disciplinary decision be supported by 'some evidence.'" *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994)(referring to due process requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

In this matter, Defendants argue that Plaintiff's disciplinary hearing was supported by "some evidence," and that Plaintiff's silence can be used against him without violating his due process rights. As such, he fails to make claim in light of relevant case law and the allegations in his Complaint. (Doc. 25).

The Court agrees with the Defendants that *Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) provides that a weapon found in a cell provides "some evidence" with regard to the inmates in that cell ("If, for example, only two inmates had access to the vent, there is a 50% probability that each inmate is guilty; a 50% probability amounts to 'some evidence'" *Id*, at 345).

The Court further agrees that Plaintiff's silence does permit an adverse inference to be drawn at disciplinary proceedings. *See, Baxter v. Palmigiano*, 425 U.S. 308, 320 (1976)(adverse inference drawn from an inmate's silence at his disciplinary proceeding is not, on its face, an invalid practice). However, drawing an adverse inference from silence cannot be to the extent that the Plaintiff is pleading guilty and admitting the offense. "A prison inmate . . . electing to remain silent during his disciplinary hearing . . . is not in consequence of silence automatically found guilty of the infraction with which he has been charged." *Baxter,* at 317.

---

[1] The due process requirements set forth in *Wolff* are as follows:
    1. Written notice of the charge given at least 24 hours prior to the hearing;
    2. The right to appear in person before an impartial hearing body;
    3. The right to call witnesses and to present documentary evidence, when to do so will not unduly jeopardie institutional safety or correctional goals; and
    4. A written state of reasons for the disciplinary action taken.

According to the Adjustment Committee Final Summary Report, "I/M TABB plead guilty stating it was his weapon." (Doc. 1-1). The Final Summary Report further states that the basis for the disciplinary decision was, "Based on the guilty plea by I/M TABB." However, the Plaintiff alleges in his Complaint, and Defendants' Motion to Dismiss states, that neither Plaintiff nor his cellmate admitted guilt. (Docs. 1 and 25). As such, the issue is not whether the disciplinary action was supported by "some evidence," but whether the due process requirements set forth in *Wolff* were followed.

There is also some question on whether the Plaintiff was even present during the duration of the disciplinary hearing. According to the Plaintiff's grievance (Doc. 1-1), Plaintiff, " . . . asked how long would it before I see the disciplinary board" and the following day was given the Disciplinary Board Summary. That seems to indicate that he was not even aware of the proceedings. However, even if the Plaintiff was initially at the hearing, (which the statement of Philip Scherer supports (Doc. 1-1, pg 13)), it appears that he was returned to his cell once he elected to remain silent. Whatever further proceedings were conducted by the hearing body, Plaintiff was not present.

Further, the Final Summary Report states that no witnesses were requested. However, according to the Plaintiff's complaint, it does not appear he was given an opportunity to call witnesses or present evidence. Along with Plaintiff's plea of guilty, the Final Summary Report states the basis for the decision was "the direct observation of the R/O." Whether the R/O appeared in person at hearing and whether Plaintiff had an opportunity to be present during the R/O testimony is not clear.

"Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary

actions.' Written statements ensure both administrative accountability and meaningful review." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).

The direct observation of the R/O would likely have been sufficient as a basis for the decision; however, twice on the report it is indicated that decision was based on the Plaintiff's plea of guilty to the possession of the weapon and, by both Plaintiff's and Defendants' accounts, Plaintiff remained silence (Docs. 1, 25, & 26). As such, the Final Summary Report calls into question whether the proper procedures were followed.

While the Court holds that Defendants' had "some evidence," it does not appear that the Defendants meet the requirements for prison disciplinary hearings set forth in *Wolff*. The disciplinary committee could not have relied on Plaintiff's plea of guilty as indicated in the summary, as both parties agree no plea of guilty was ever made. As such, Count I of the Complaint shall proceed.

The Court notes that Plaintiff filed a proposed amended complaint and a Motion to Correct Proposed Amended Supplemental Complaint (Doc. 40). This Court's Memorandum and Order (Doc. 9) stated that the Complaint was silent as to the conditions of Plaintiff's confinement in segregation and whether such disciplinary segregation resulted in any atypical and significant hardship. The Court grants Plaintiff leave to file an Amended Complaint only as it relates to Count I and the conditions of segregation. The Amended Complaint will be subject to 28 U.S.C. § 1915A review and any allegations beyond those relating to Count I will be stricken. Plaintiff is also **CAUTIONED** to comply with local rules for submitting an amended complaint.

With regard to Count II, the Court agrees that the Plaintiff has failed to establish a "class-of-one" equal protection claim. "To state a class-of-one equal protection claim, an individual must allege that he was 'intentionally treated differently from others similarly situated and that

there is no rational basis for the difference in treatment.'" *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013)(quoting *Vill. Of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). There is only speculation with regard to his cellmate and what may or may not have occurred during his interview. By failing to provide facts that raise a right to relief above the speculative level, the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.

Based on the foregoing, the Court hereby **REJECTS** the Report and Recommendations (Doc. 45) with regard to Count I and **ADOPTS** the Report and Recommendations (Doc. 45) with regard to Count II. As such, Defendants' Motion to Dismiss (Doc. 25) is **GRANTED** in part and **DENIED** part. Count II is **DISMISSED** without prejudice and Count I shall proceed against Defendants Rich, Veath, Johnson, and Hudson.

Plaintiff's Motion for Leave to Amend (Doc. 41) is **GRANTED only** as it relates to Count I and the conditions of segregation. Plaintiff is **DIRECTED** to file an amended complaint with regard to Count I no later than **April 20, 2015**. Plaintiff is **WARNED** that failure to file an amended complaint in the allotted time and in compliance with local rules may result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

**DATED:** 3/24/2015             *s/J. Phil Gilbert*
                                 **J. PHIL GILBERT**
                                 **DISTRICT JUDGE**