IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRIANDUS TABB, R41511,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     v. | )     Case No. 3:14-cv-00845-JPG-PMF |
| | ) |
| **SALVADORE GODINEZ,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff Triandus Tabb's Amended Complaint (Doc. 55) and Motion for a Temporary Restraining Order / Motion for Preliminary Injunctive Relief (Doc. 56). In this Report and Recommendation, the Court will conduct a merits review pursuant to 28 U.S.C. § 1915A of Tabb's Amended Complaint (Doc. 55) and then address Tabb's request for preliminary injunctive relief. Tabb, an inmate with the Illinois Department of Corrections ("IDOC"), initially filed suit on July 25, 2014. Judge Gilbert conducted a merits review pursuant to 28 U.S.C. § 1915A holding that the plaintiff stated the following colorable claims:

> **Count 1:** Defendants Rich, Veath, Johnson and Hudson deprived Plaintiff of a liberty interest without due process, by charging him with possession of a weapon, finding him guilty, and punishing him with one year of segregation, when there was no evidence linking him to the weapon and he never pled guilty to the charge.
>
> **Count 2:** Defendants Rich, Hudson, Veath, and Johnson denied Plaintiff equal protection under the law when they pursued the weapon charge against him only, and not his cellmate, when the weapon was found in a common area of the cell and neither Plaintiff nor his cellmate admitted guilt.

**Count 2** was later dismissed in Judge Gilbert's March 29, 2015 Memorandum and Order. *See* Doc. 49. In the same Memorandum and Order, Judge Gilbert granted leave for the plaintiff to file an amended complaint "only as it relates to Count I and the conditions of segregation." The

conditions of segregation are relevant because due process protections are only triggered if the prisoner is placed in conditions that "impose an atypical and significant hardship within the correctional context." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). *See also Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) ("disciplinary segregation can trigger due process protections depending on the duration and conditions of segregation"). Tabb is therefore allowed to proceed on his original due process claim (Count 1).

Tabb also seeks to revive his equal protection claim, add a retaliation claim, add an Eighth Amendment conditions of confinement claim and add an Eighth Amendment failure to protect claim. (Doc. 55, p. 5). However, Tabb was granted leave for the limited purpose of providing additional information to support his due process claim. Such additions are well beyond the scope of supporting his due process claim.

For the purposes of the 28 U.S.C. § 1915A merit review, it is RECOMMENDED that the plaintiff's amended complaint be allowed to proceed on the following single claim:

> **Count 1:** Defendants Rich, Veath, Johnson and Hudson deprived Plaintiff of a liberty interest without due process, by charging him with possession of a weapon, finding him guilty, and punishing him with one year of segregation, when there was no evidence linking him to the weapon and he never pled guilty to the charge.

The plaintiff is also allowed to proceed against defendant Godinez in his official capacity for the purposes of injunctive relief only. See *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

In regards to Tabb's Motion for Preliminary Injunction, it is recommended that Tabb's Motion be DENIED. Tabb appears to have included his Motion for Preliminary Injunction in his "Memorandum of Law in Support of Plaintiff's Supplemental Complaint." First, Tabb improperly filed memorandum of law in support of his complaint. *See* Fed. R. Civ. P. 7. Second, motions must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b).

Tabb's "Memorandum of Law in Support of Plaintiff's Supplemental Complaint" includes a request for preliminary injunctive relief in the caption title, but includes little discussion of the issue. Plaintiff then attached a Memorandum of Law in Support of Tabb's request for preliminary injunctive relief (Doc. 57), but the filing focuses on issues outside the scope of Tabb's due process claim. Plaintiff may file a renewed motion for a preliminary injunction, but he should do so in a separate, stand-alone motion, being sure to state with particularity the grounds entitling Tabb to preliminary injunctive relief.

      SO RECOMMENDED.

      DATED:   __April 22, 2015__ .

                                  *s/Philip M. Frazier*
                                  **PHILIP M. FRAZIER**
                                  **UNITED STATES MAGISTRATE JUDGE**