## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRIANDUS TABB, R41511, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-00845-JPG-PMF |
| | ) | |
| SALVADORE A. GODINEZ, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 60) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Amended Complaint (Doc. 55) and Motion for a Temporary Restraining Order/Motion for Preliminary Injunctive Relief (Doc. 56). Also before the Court is Plaintiff's Objection (Doc. 68) to Magistrate Judge Frazier's Order (Doc. 65) denying Plaintiff's Motion for Leave to File (Doc. 64) which the Court will construe as an Appeal of Magistrate Judge's Order under Local Rule 73.1.

With regard to the R & R, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Plaintiff has filed an objection (Docs. 61) and therefore, the Court reviews the R & R *de novo*.

The R & R recommends that the Plaintiff's Amended Complaint be allowed to proceed solely on Count 1 and that the Plaintiff's attempt to revive his equal protection claim and add additional claims be denied. It also recommends that Plaintiff's Motion for Preliminary Injunction (Doc. 56) be denied as Plaintiff improperly filed a memorandum of law in support of his complaint and included the Motion for Injunctive relief without providing the particularity of the grounds in which relief was sought.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

In this matter, a 28 U.S.C. § 1915A merit review was conducted on Plaintiff's initial complaint. Count I against defendants Rich, Veath, Johnson, and Hudson alleging deprivation of a liberty interest without due process; Count II against defendants Rich, Hudson, Veath, and Johnson for alleged denial of Plaintiff equal protection under the law; and Count 3 against defendants Oakley, Harrington, and Benton for alleged denial of due process. Counts I and II were allowed to proceed and Count 3 was dismissed with prejudice.

Count II was later dismissed (Doc. 49) and Plaintiff was granted leave to file an amended Complaint specifically – and limited to – Count I and the conditions of segregation. As stated in the initial threshold order (Doc. 9), the circumstances under which an inmate punished with segregation may have a cognizable claim for deprivation of a liberty interest without due process of law are limited. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (in light of *Sandin*, "the right to

2

litigate disciplinary confinements has become vanishingly small"). Under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

Two elements must be considered in assessing whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregated confinement *and* the conditions endured by the prisoner during that period." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original).

The one-year segregation term imposed upon Plaintiff satisfies the duration requirement under *Marion*, indicating that a factual inquiry into the conditions of his segregation is appropriate. *See Id.* The complaint, however, was silent as to the conditions of Plaintiff's confinement in segregation.

Plaintiff's objection states that the claims that were dismissed occurred while in segregation, therefore, they are a condition of segregation.  Further, he states that he should be allowed to revive his equal protection and retaliation claims because "these violations of the law took place."  (Doc. 61, pg 4).

With regard to his request for preliminary injunction, he states that the prison has just come off a forty-five day lockdown and he did not have access to the law library in which to research the proper method of filing the motion.  He also states that the injunctive relief and particular grounds entitling him to relief are set out in the amended complaint and memorandum in support.

The Court has previously informed the Plaintiff – and the R & R follows suit – that Plaintiff was permitted to amend his pleading with regard to Count I.  The R & R permits those

portions of the Plaintiff's Amended Pleading with regard to Count 1 to proceed and denies those portions that seek to revive claims previously dismissed by this Court.  As such, the R & R appropriately follows the law of the case with regard to his pleading.

Plaintiff's objection to the denial of the preliminary injunction that he is a *pro se* plaintiff is noted; however, liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced."). Plaintiff is free to file a motion for injunctive relief as instructed in the R & R in accordance with Fed. R. Civ. P. 65.

Finally, the Court turns to Plaintiff's Objection (Doc. 68) to Magistrate Judge Frazier's Order (Doc. 67) denying Plaintiff's Motion for Leave to File (Doc. 64).  Local Rule 73.1 and Federal Rule of Civil Procedure 72(a) provide that a party may appeal a Magistrate Judge's nondispositve order within 14 days and a district judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

Magistrate Judge Frazier denied Plaintiff's Motion for Leave to File 35 pages of medical records as an exhibit to his proposed amended complaint stating that the medical records are unrelated to Count I.  Plaintiff's objection states that the medical records "support the additional claims that plaintiff added in supplemental complaint" and document "ongoing constitutional violation of plaintiff's rights."  (Doc. 68, pg 2).

By Plaintiff's own objection, the medical records are not related to Count I – the sole count on which the Plaintiff is proceeding – and as such, the Magistrate Judge was correct to deny the Plaintiff leave to file them.  If, at a later date, it appears that these records are relevant

to Count I, Plaintiff may produce them during discovery and trial.

Based on the foregoing, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 60) and **DENIES** Plaintiff's Motion (Doc. 56) for a Preliminary Injunction. Count I will proceed against Defendants Rich, Veath, Johnson, and Hudson and Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint within **30 days.**

**IT IS SO ORDERED.**

**DATED:**  8/25/2015             *s/J. Phil Gilbert*
                                 **J. PHIL GILBERT**
                                 **DISTRICT JUDGE**